UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.

AGCS MARINE INSURANCE COMPANY,
Individually and on behalf of all Underwriters
Subscribing to Policy No. 20988901, a/s/o
Robert M. Vanecek,

      Plaintiff,

vs.

DRIFTWOOD MARINA & STORAGE, INC.,
a Florida Corporation,

      Defendant.
_____/

## COMPLAINT

Plaintiff, AGCS MARINE INSURANCE COMPANY ("AGCS MARINE"), Individually and on behalf of all Underwriters Subscribing to Yacht Policy No. 20988901, a/s/o Robert M. Vanecek, by and through its undersigned counsel, sues DRIFTWOOD MARINA & STORAGE, INC. ("DRIFTWOOD"), as follows:

## GENERAL ALLEGATIONS

1. This is an action within the admiralty jurisdiction of this Court, pursuant to Fed.R.Civ.P. 9(h) and 28 USC §1333, arising from damage to a vessel sustained as a result of being launched by the Defendant boatyard in navigable waters of the United States.

2. At all times material hereto, Plaintiff AGCS MARINE was and is a foreign insurance company authorized to conduct business in the State of Florida.

4. At all times material hereto, the Defendant, DRIFTWOOD, is and was a Florida

Page 2

corporation authorized to conduct and doing business in Monroe County, Florida.

5. Venue is proper in this district, as the Defendant DRIFTWOOD is located in and doing business in Monroe County, Florida and the negligent conduct at issue occurred in Monroe County, Florida.

6. At all times material, the Plaintiff's Insured and subrogor, Robert M. Vanecek, owned a 2004 31' Albemarle sports fishing vessel known as "Take A Bite" (the "vessel") that was hauled out and undergoing repairs at DRIFTWOOD boatyard in Marathon, Florida.

7. Plaintiffs issued Policy No. 20988901 to Robert M. Vanecek, insuring his vessel "Take A Bite" providing, in pertinent part, hull & machinery coverage in the amount of $140,000.

8. On or about March 7, 2019, employees, agents and/or representatives of DRIFTWOOD unilaterally and without notifying the vessel owner, launched the vessel "Take A Bite" with the starboard exhaust line disconnected, allowing water to flood the engine room. When the Defendant's employees and/or agents returned from lunch, they found the boat flooded to the sheer line.

9. As a result of Defendant's negligence, as described in paragraph 7 above, the vessel sustained extensive damage and was ultimately declared a constructive total loss.

10. Pursuant to the Policy of insurance entered into between Plaintiff and their insured, Robert M. Vanecek, Plaintiff was required to indemnify their insured for the constructive total loss of the vessel. The amount of the claim paid is $140,000, exclusive of costs, fees and expenses.

11. Plaintiff is subrogated to the rights of its Insured up to the amount of its payment made ($140,000) under the policy of marine insurance between Plaintiff and Robert A. Vanecek.

12. All conditions precedent to bringing this action have been met or waived.

Page 3

## COUNT I – NEGLIGENCE

Plaintiff re-alleges and adopts by reference paragraphs 1 through 12 above as if fully set forth herein, and further states:

13. Defendant DRIFTWOOD is a marina and boatyard that, at all times material, was in the business of hauling, storing and launching vessels.

14. At all times material, Defendant owed the vessel owner, Robert M. Vanecek, a duty to exercise reasonable care under the circumstances to safeguard the vessel and, when launching the vessel, to make sure the vessel has sufficient watertight integrity and is not at risk of sinking once launched.

15. On or about March 7, 2019, Defendant breached its duty of care to the Plaintiff's subrogor/insured and vessel owner, Robert M. Vanecek, by launching Mr. Vanecek's vessel without his knowledge or consent, without checking to determine whether the vessel was watertight and thereafter leaving the vessel unattended, during which time it took on water through an open exhaust port and sank.

16. As a direct result of Defendant's negligence, the vessel sank and was rendered a constructive total loss due to the extent of the damage, requiring Plaintiff to indemnify their Insured/vessel owner for the full agreed value of the vessel, to wit: $140,000.00.

WHEREFORE, Plaintiff, AGCS MARINE INSURANCE COMPANY, individually and on behalf of all Underwriters Subscribing to Yacht Policy No. 20988901, a/s/o Robert M. Vanecek, demands judgment against the Defendant, DRIFTWOOD MARINA & STORAGE, INC., for damages in the amount of $140,000.00, plus prejudgment interest and costs, and for such further relief as this Court deems just and proper.

Dated: August 17, 2021

                                          Respectfully Submitted,

HORR, NOVAK & SKIPP, P.A.
Attorneys for Plaintiff
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526

/s/ Jonathan W. Skipp
JONATHAN W. SKIPP
Florida Bar No. 710570
jskipp@admiral-law.com
CRAIG P. LISZT
Florida Bar No. 63414
cliszt@admiral-law.com